```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                         ASHEVILLE DIVISION
                          1:10CV126-MU-02


KEVIN M. BAILEY,           )
     Plaintiff,            )
                           )
       v.                  )
                           )
JACK O'CONNOR, Sheriff of  )          O R D E R
  Rutherford County,       )
  et al.,                  )
     Defendants.           )
_____)
```

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint brought under 42 U.S.C. § 1983, filed June 21, 2010. (Doc. No. 1).

By his Complaint Plaintiff alleges that on November 19, 2009, Defendants violated his Fourth Amendment rights by searching his home without a warrant or consent. Plaintiff further alleges that although he initially was arrested on "trafficking charges," such charges ultimately were dismissed.[1] Nevertheless, Plaintiff contends that the money and property which were seized pursuant to the unlawful search were not returned to him; and that some unidentified employee at the Rutherford County Sheriff's Department has advised him that the property was sold.

---

[1] Pertinent Court records reflect that Plaintiff actually has been charged with being a deportable alien in violation of 8 U.S.C. § 1326(a) and (b)(2) in a case captioned as United States v. Bailey, 1:10CR17; that he has entered a guilty plea to that charge; and that his State trafficking charge was dismissed in lieu of such federal prosecution.

Finally, Plaintiff reports that he has written to the Clerk of a Superior Court and to the Judge who is presided over that case, but has not been able to remedy his situation. By way of relief, Plaintiff asks the Court to return the seized property or to compensate him for the full value of such property.

In addition to the foregoing, the undersigned recalls having recently presided over another civil rights action that Plaintiff filed against the same Defendants wherein he merely complained about the seizure and confiscation of his property, not about the legality of that action. See Bailey v. O'Connor, et al., 10CV-118-MU-1. Indeed, that Complaint, which was filed on June 11, 2010, simply alleged that Plaintiff was arrested, his property was seized and it was not returned to him. Not surprisingly, therefore, this Court entered an Order dismissing Plaintiff's Complaint, without prejudice, on the basis of the post-deprivation remedy which North Carolina law provides for his allegation.

Notwithstanding that Order, Plaintiff has returned with his newly modified allegation of a Fourth Amendment violation. However, the Court is convinced that the sum and substance of his Complaint is that he has been deprived of his property without due process of law. As such, this Complaint must be dismissed for failure to state a cognizable claim for relief.

That is, some years ago in the case of Wilkins v. Whitaker,

714 F.2d 4 (4th Cir. 1983) (unpub.), the Fourth Circuit Court of Appeals reviewed a district court's dismissal of a civil rights action under § 1983 where, similar to this case, the plaintiff alleged that he was the victim of an unlawful search and the non-consensual removal and disposition of his property. The Court of Appeals affirmed the district court's dismissal upon its determination that "[t]he real essence" of the plaintiff's complaint was that he was deprived of his property without due process; and that under those circumstances, the plaintiff could not state a cognizable claim under § 1983 because North Carolina law provided an adequate post-deprivation remedy for persons whose property was converted as a result of an unauthorized or wrongful act of a public official. Id. at *5 (citing Parratt v. Taylor, 451 U.S. 527, 543 (1981) (holding that a state official's random unauthorized negligent act causing the loss of a person's property is not a violation of due process with the state provides post-deprivation remedy; and Palmer v. Hudson, 697 F.2d 1220, 1223 (4th Cir. 1983) (applying holding from Parratt to cases involving the intentional destruction of property by random, unauthorized act)).

In the instant case, the Court finds that Plaintiff's belated claim of a Fourth Amendment violation along with his claim of a deprivation of his property still do not entitle him to re-

3

lief in this Court. Rather, as he previously was informed, N.C.G.S. § 15-11.1 provides a remedy for the deprivation of property which was lawfully seized. In addition, as was noted in Wilkins, supra, North Carolina law also allows individuals to bring actions for property which was unlawfully seized and converted. See Yates v. Jamison, 782 F.2d 1182 (4th Cir. 1986) (reversing district court's award of relief for plaintiffs' § 1983 action for destruction of property concluding, based on Parratt, that because North Carlina provides an "adequate and meaningful postdeprivation remedy in the form of an action in state court . . . ," plaintiffs could not state a claim for relief under § 1983); and Gallimore v. Sink, 27 N.C. App. 65 (1975) (acknowledging a State cause of action for Sheriff's unlawful seizure and conversion of persons property).

Ultimately, Plaintiff cannot state a claim for relief inasmuch as he has failed to demonstrate that he pursued, but was unsuccessful in actual State action or formal proceeding addressing the confiscation and deprivation of his property. Accordingly, this federal action must be dismissed. Wilkins, supra; see also Carter v. Bone, 2010 WL 558598 n. 4 (D.S.C Feb. 10, 2010) (noting North Carolina's post-deprivation remedy for loss of personal property caused by an employee of the State).

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** Plaintiff's

Complaint is **DISMISSED** for his failure to state a constitutional claim for relief. 28 U.S.C. § 1915A(1)(b).

**SO ORDERED.**

Signed: June 29, 2010

Graham C. Mullen
United States District Judge